UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO.: 5:09-CV-00203-TBR

DAVID KOPACZ and
STACY KOPACZ                                                                                    PLAINTIFFS

v.

HOPKINSVILLE SURFACE AND STORM
WATER UTILITY; THE CITY OF HOPKINSVILLE;
and TWIN STATES UTILITIES & EXCAVATION, INC.            DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter having come before the Court upon Defendants, Hopkinsville Surface and Storm Water Utility and the City of Hopkinsville's, Motion to Dismiss, or in the Alternative, to Stay Proceedings Pending State Court Litigation (DN 6). Plaintiffs, David and Stacy Kopacz, have filed a response (DN 7). Defendants have filed a reply (DN 8). This matter is now ripe for adjudication. For the following reasons, Defendants Motion is **GRANTED** in part and **DENIED** in part.

## BACKGROUND

Plaintiffs, David and Stacy Kopacz, have filed suit against Defendants Hopkinsville Surface and Storm Water Utility ("the Utility") and the City of Hopkinsville ("the City") who own property adjacent to Plaintiffs' home and have initiated a construction project on that property. Plaintiffs have also named Twin States Utilities & Excavation, Inc. ("Twin States"), the contractor, which has just been served and is not involved in this motion. Plaintiffs state Defendants have been working in concert during the construction and operation of a storm water disposal facility on the property adjacent to Plaintiffs'. This construction project, known as the Woodmont Basin Drainage Improvement, is alleged to have commenced on or about September 2008 and is currently on going.

Plaintiffs allege the work at the construction site involves earthmoving, grading, and

excavation of several acres. Plaintiffs allege Defendants failed to comply with the Kentucky Storm Water Permit and thus failed to protect the waters of the United States from being polluted. Defendants allegedly failed to file a required Notice of Intent with the Department of Environmental Protection. Plaintiffs allege point source discharges of sediment containing storm water runoff continue to occur from the site without Defendants having obtained the necessary discharge permits.

Additionally, Plaintiffs allege Defendants conducted activities which caused fugitive air emissions in violation of 401 KAR §63.010. Defendants have allegedly allowed dump trucks loaded with dirt to leave the property uncovered and have allowed earth and dust to be deposited onto paved streets, thus creating a dust nuisance on Plaintiffs' property. Plaintiffs explain that the dust has entered their swimming pool creating a film of dirt over the surface and sediment that sinks to the bottom, rendering it, at times, effectively unusable.

Plaintiffs state in the Spring of 2009, a construction staging area was erected directly abutting Plaintiffs' property. Plaintiffs allege there were alternative sites available and the inclusion of two ground diesel fuel storage tanks with capacity great than 1,320 gallons caused a nuisance. Plaintiffs allege they have lost use and enjoyment of their property due to dust emissions, frequent loud noises and hazardous vapors all resulting from the construction area.

## PROCEDURAL BACKGROUND

On September 22, 2009, Plaintiffs filed suit in Christian County Circuit Court against the three defendants named in this suit as well as J.K.S. Architects and Engineers. Plaintiffs brought claims of private temporary nuisance, trespass, violation of a local zoning ordinance, intentional infliction of emotional distress, and negligence per se for violation of 401 K.A.R. § 63.010.

On October 2, 2009, Judge Andrew Self of Christian County Circuit Court held a hearing

on Plaintiffs' motion for a temporary injunction which sought to stop noise and air pollution from dust emissions. This motion was denied by the court which found that certain reasonable accommodations could be made. The court directed an interim Agreed Order be entered to this effect. Plaintiffs filed a second motion for injunctive relief as well as a motion for contempt and a hearing was held on October 30, 2009. The court denied Plaintiffs' motion for injunction, but granted the motion for contempt only against Twin States, the contractor, ordering Twin States to pay half Plaintiffs' attorneys fees and to move certain equipment. All defendants in the state court case have answered Plaintiffs' state court complaint and Twin States has served discovery requests which are now pending. Additionally, Defendants, the Utility and the City, have filed a motion for summary judgment in the state court case.

This federal case was filed December 10, 2009, nearly three months after the state court complaint was filed. Plaintiffs allege failure to comply with the Clean Air Act ("CAA"), failure to comply with the Clean Water Act ("CWA"), and each of the claims set forth in the state court complaint. Plaintiffs claim for violation of the CAA stems from violation of 401 KAR § 63.010, the same violation which is alleged in Plaintiffs' negligence per se claim raised in both courts. In this case, only the complaint has been filed and service was completed very recently. No defendant has yet answered the federal complaint and no discovery has been tendered.

The Utility and the City ("Defendants") now move the Court to dismiss Plaintiffs' CAA and CWA claims for failure to state a claim on which relief can be granted and all other state law claims for lack of jurisdiction. Should the Court find Plaintiffs' claims should not be dismissed, Defendants ask the Court to stay the proceedings pursuant to *Colorado River* abstention pending resolution of the state court litigation.

3

**DISCUSSION**

Defendants have moved this Court to dismiss Plaintiffs claims or in the alternative stay the proceedings pending state court litigation. The Court finds it appropriate to first determine if this is a proper case to by stayed.

**I. Motion for Stay**

While "[g]enerally, as between state and federal courts, the rule is that the pendency of an action in the state court is no bar to proceedings concerning the same matter in the federal court having jurisdiction . . . [there are] circumstances permitting the dismissal [or stay] of a federal suit due to the presence of a concurrent state proceeding for reasons of wise judicial administration . . . ." *Colorado River Water Conservation Dist. v. U.S.*, 424 U.S. 800, 818 (1976). These circumstances "are considerably more limited than the circumstances appropriate for [other forms of] abstention. The former circumstances, though exceptional, do nevertheless exist." *Id.*

This principle has been recognized by the Supreme Court of the United States and the Sixth Circuit finding that, "despite the 'virtually unflagging obligation of the federal courts to exercise the jurisdiction given them,' considerations of judicial economy and federal-state comity may justify abstention in situations involving the contemporaneous exercise of jurisdiction by state and federal courts." *Romine v. Compuserve Corp.*, 160 F.3d 337, 339 (6th Cir. 1998) (internal citation omitted) (quoting *Colorado River Water Conservation Dist. v. U.S.*, 424 U.S. at 817). The Court in *Colorado River* explained,

> Although this case falls within none of the abstention categories, there are principles unrelated to considerations of proper constitutional adjudication and regard for federal-state relations which govern in situations involving the contemporaneous exercise of concurrent jurisdictions, either by federal courts or by state and federal courts. These principles rest on considerations of '(w)ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition

of litigation.'

424 U.S. at 817 (quoting *Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co.*, 342 U.S. 180, 183, (1952)).

There are two basic steps that must be completed by the district court in determining whether *Colorado River* abstention is applicable. First, the district court must determine if the concurrent state and federal cases are parallel. *Romine*, 160 F.3d at 339. "Exact parallelism is not required; it is enough if the two proceedings are substantially similar." *Romine*, 160 F.3d at 340 (internal citations and quotations omitted). In *Romine*, the Sixth Circuit held the cases were parallel where the parties were substantially similar, although not identical, and the claims against the defendants were "predicated on the same allegations as to the same material facts". *Id. See also Equitable Gathering, LLC v. Caudill*, Case No. 7:08-216-KKC, 2009 WL 2922859 (E.D. Ky. Sept. 10, 2009) (holding the cases parallel when parties were substantially similar, although differing, and the case arose from the same set of facts); *Bell v. Countrywide Home Loans, Inc.*, Case No. 5:08-cv-167-JHM, 2009 WL 260805 (W.D. Ky. Feb. 4, 2009) (holding cases parallel when the parties, claims and issues were substantially similar; "[plaintiffs] attempt to distinguish the instant case by adding different defendants and recasting his claims using additional legal theories is unavailing"); *Progressive Casualty Ins. Co. v. Franklin*, Case No. 1:05cv-65-M, 2005 WL 1935675 (W.D. Ky. Aug. 8, 2005) (holding cases parallel if the parties are substantially similar and the claims arise from the same material facts; found cases parallel where the substance of the claims were identical in both cases). However, cases are not considered parallel if there is an issue that would not be resolved by the state court upon the completion of the state court action. *See E.On U.S. Services, Inc. v. QSC Painting, Inc.*, Case No. 08-54-JBC, 2008 WL 3982499 (E.D. Ky. Aug. 26, 2008)

5

(finding the cases were not parallel where the central issue in the federal case will need to be decided regardless of the outcome of the state court case); *PNC Bank, National Assoc. v. Person*, Case NO. 06-292-C, 2007 WL 1423744 (W.D. Ky. May 8, 2007) (holding cases not parallel where resolution of the state court case will not clearly dispose of all the claims presented in the federal case). "The issue is not . . . whether the proceedings could be modified to make them parallel; the issue is whether the state court proceeding, as it *currently* exists, *is* a parallel state-court proceeding." *PNC Bank, National Assoc. v. Person*, Case NO. 06-292-C, 2007 WL 1423744 (W.D. Ky. May 8, 2007) (citing *Baskin v. Bath Twp. Bd. Of Zoning Appeals*, 15 F.3d 569, 572 (6th Cir. 1994)) (emphasis in original).

If they are parallel, then the district court must apply the multi-factor balancing test set forth initially in *Colorado River* and expanded by later case law. *Romine*, 160 F.3d at 340-41. This balancing test includes such factors as

> (1) whether the state court has assumed jurisdiction over any res or property; (2) whether the federal forum is less convenient to the parties; (3) avoidance of piecemeal litigation; . . . (4) the order in which jurisdiction was obtained. . . . (5) whether the source of governing law is state or federal; (6) the adequacy of the state court action to protect the federal plaintiff's rights; (7) the relative progress of the state and federal proceedings; and (8) the presence or absence of concurrent jurisdiction.

*Id.* (internal citations omitted). "No one factor is necessarily determinative; a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counseling against that exercise is required. Only the clearest of justifications will warrant dismissal." *Colorado River*, 424 U.S. at 818-19 (internal citations omitted). In other words,

> the decision whether to dismiss a federal action because of parallel state-court litigation does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction. The weight to be given to any one factor may

vary greatly from case to case, depending on the particular setting of the case.

*Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16 (1983).

### A. Parallel Cases

Defendants argue the proceedings in question are parallel stating "all of the plaintiffs' claims are predicated on the same facts and even on the same violation of Kentucky law, with the exception of the water permitting claim." DN 6-1 at 10. Defendants assert that Plaintiffs are not able to defeat abstention by recasting claims using additional legal theories. Defendants conclude the plaintiffs' state and federal cases are substantially similar and therefore parallel within the meaning of *Colorado River* and *Romine*.

Plaintiffs contend the state court case does not involve Plaintiffs' federal CAA and CWA claims therefore the theories of recovery are not identical. Plaintiffs also argue the CAA and CWA afford remedies not available in the state court case such as injunctive relief and attorney and expert witness fees.

It appears the difference between the state complaint and federal complaint is Plaintiffs assertion of CAA and CWA claims. Plaintiffs' federal claim for violation of the CAA seeks federal enforcement of 401 KAR 63:010 and is therefore substantially similar to the state court claim which alleges violation of 401 KAR 63:010 and KRS 224.10-100; the only difference rest on alterative means of enforcing the same regulation based on the same operative and material facts. As the Court noted, the cases need not be identical but substantially similar. Plaintiffs also argue the remedies available under the CAA are different; however, Plaintiffs have already sought injunctive relief before the state court and assert a claim for attorneys fees in their complaint.

The same is not true of Plaintiffs' federal claim under the CWA. Plaintiffs' federal

7

complaint states that "Kentucky water quality laws and regulations are federally enforceable" pursuant to the CWA. DN 1 at 5-6. The federal complaint states Defendants have violated CWA Section 402; 40 C.F.R. §§ 122.26 and 122.28; KRS 224.10-100 and KRS 224.16-050 and Kentucky Storm Water permit KYR10. *Id.* at 20. Violation of KRS 224.16-050 and the Kentucky Water permit KYR10 is not raised in the state complaint, nor are any facts concerning these violations alleged. Plaintiffs' claims for violation of KRS 224.16-050 and the Kentucky Water permit KYR10, therefore, will not be determined by the state court.

It is clear one cannot merely advance a different legal theory to obtain a remedy and counter abstention. *Crown Enterprises, Inc. v. Lambert*, Case NO. 06-cv-13206, 2006 WL 2844445, *2 (E.D. Mich. Sept. 29, 2006) (citing *Romine*, 160 F.3d at 340). However, in this case the allegation of violation of the CWA rests on facts related to the permit which are different from the facts and evidence required to establish a violation of the CAA and 401 KAR 63:010 or any of the other state common law claims. The CWA allegations in the federal complaint do not merely provide an alternative means of enforcement as in the case of the CAA allegations; the CWA allegations in the federal complaint are wholly new and, as stated, the "pendency of an action in the state court is no bar to proceedings concerning the same matter in the federal court having jurisdiction." *Colorado River*, 424 U.S. at 818. Although the parties are nearly identical and the cases arise from largely the same facts, these cases are not parallel since there are claims that will not be decided by the state court.

Defendants have also moved the Court to dismiss Plaintiffs claims. The Court will now determine if Plaintiffs' claim for failure to comply with the CWA should be dismissed. If the claim is dismissed, then analysis of the eight factors in determining whether a stay is proper is required

as the remaining claims in the federal case are substantially similar to those in the state case.

## II. Motion to Dismiss

"When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the district court must accept all of the allegations in the complaint as true, and construe the complaint liberally in favor of the plaintiff." *Lawrence v. Chancery Court of Tenn.*, 188 F.3d 687, 691 (6th Cir. 1999) (citing *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995)). To survive a Rule 12(b)(6) motion to dismiss, the complaint must include "only enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).

The "[f]actual allegations in the complaint must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.* at 1965 (internal citation and quotation marks omitted). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* A plaintiff must allege sufficient factual allegations to give the defendant fair notice concerning the nature of the claim and the grounds upon which it rests. *Id.* at 1965. Additionally, "the conclusory nature of particular allegations cannot alone justify dismissing a complaint." *Back v. Hall*, 537 F.3d 552, 558 (6th Cir. 2008) (dismissal not appropriate although one essential element of the claim was pled in a conclusory manner).

### A. Analysis of CWA Claim

Defendants assert Plaintiffs lack Article III standing to bring a claim under the CWA. Standing requires proof of three elements:

> First, the plaintiff must have suffered an "injury in fact"-an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or

> imminent, not 'conjectural' or 'hypothetical.' Second, there must be a causal connection between the injury and the conduct complained of-the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court. Third, it must be "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable decision."

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61(1992)(internal citations and quotations omitted).

At issue in this case is the first element, injury in fact. Defendants assert that Plaintiffs' complaint fails to allege any water pollution or storm water discharge onto Plaintiffs' property and therefore Plaintiffs lack Article III standing as they have failed to allege injury in fact.

Plaintiffs contend that they have set forth a sufficient injury in fact. Plaintiffs cite *American Canoe Association v. Louisa Water & Sewer Commission*, arguing that failure to obtain an National Pollution Discharge Elimination System ("NPDES") permit is a form of noncompliance that has been dubbed an informational injury which is considered an injury in fact for purposes of standing. 389 F.3d 536,539 (6th Cir. 2004). Plaintiffs further contend they need not allege their property was flooded in order to satisfy the requirements of standing because the injury in fact is that "Defendants failed to obtain coverage under the General Permit and failed to subject themselves to the work practices, oversight, and other requirements of the [Best Management Practices] and [Storm Water Pollution Prevention Plan]." DN 7 at 10.

In *American Canoe*, the plaintiff, a representative organization, specifically alleged defendants had discharge, monitoring and reporting violations. 389 F.3d at 539. The court held that the plaintiff had standing to sue for informational injuries because of the averments that "the lack of information caused an injury beyond the 'common concern for obedience to law.'" *Id.* at 542 (quoting *L. Singer & Sons v. Union Pac. R. Co.*, 311 U.S. 295, 303 (1940)). Specifically, plaintiff

10

"attested that the lack of information deprived him of the ability to make choices about whether it was 'safe to fish, paddle and recreate in this waterway.'" *Id.* The court held "[t]hese allegations are sufficient to establish [plaintiff] has suffered a concrete and particularized injury sufficient to confer Article III standing." *Id.*

Assuming, *arguendo,* Plaintiffs have sufficiently alleged violations of the discharge, reporting and monitoring requirements of the permit, Plaintiffs in this case have failed to allege injury based on Defendants failure to comply with the NPDES permit. While Plaintiffs theorize "failure to comply deprives citizens of the ability to evaluate the deleterious environmental effects of a person's actions or ascertain how they might be personally affected" no allegations of such deprivation can be found in the complaint and no supplemental affidavits alleging injury have been provided to the Court. Unlike the plaintiff in *American Canoe*, Plaintiffs have provided no attestations sufficient to establish Plaintiffs have suffered a concrete and particularized injury. Plaintiffs allege Defendants "failed to protect the waters of the United States from being polluted"; however, this allegation, without more, is not sufficient to establish a concrete and particularized injury. DN 1 at 12. While Plaintiffs are correct they need not allege their property was flooded to satisfy standing requirements, they must allege some injury in fact which they have not done. Defendants' motion to dismiss Plaintiffs claim under the CWA is granted.

### III. Mutli-Factor Balancing Test

After dismissal of Plaintiffs' CWA claim, the remaining federal claims are substantially similar to the state claims and the Court finds the federal case is parallel to the state court case. As stated previously, if the cases in the state and federal court are parallel then the court must consider several factors in determining whether abstention is appropriate. The factors set forth include:

> (1) whether the state court has assumed jurisdiction over any res or property; (2) whether the federal forum is less convenient to the parties; (3) avoidance of piecemeal litigation; . . . (4) the order in which jurisdiction was obtained. . . . (5) whether the source of governing law is state or federal; (6) the adequacy of the state court action to protect the federal plaintiff's rights; (7) the relative progress of the state and federal proceedings; and (8) the presence or absence of concurrent jurisdiction.

*Romine*, 160 F.3d at 340-41 (internal citations omitted). The district court's application of this balancing test is flexible and varies depending on the circumstances of the case, although the balance is always heavily weighed in favor of the exercise of jurisdiction. *Colorado River*, 424 U.S. at 818-19; *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16 (1983).

The first factor is not present in this case: there is no assumption by either court of jurisdiction over any res or property. Thus, this factor weights against abstention. *See Romine*, 160 F.3d at 341.

Second, Defendants assert that the federal forum is less convenient to the parties because the state court case is pending in Hopkinsville, Kentucky, and Plaintiffs, Defendants and the construction project at issue are all located in Hopkinsville, Kentucky. This factor has been held to counsel against abstention when the cases were pending in courthouses in the same city. *See Romine*, 160 F.3d at 341; *Painwebber*, 276 F.3d at 207. However, a 300 mile distance between the district court and state court was considered a significant factor supporting abstention in *Colorado River*. 424 U.S. at 820. In *Equitable Gathering*, the court held that the second factor weighed slightly in favor of abstention where the property, the defendants, and the state court were located 60 miles from the federal courthouse. Case No. 7:08-216-KKC, 2009 WL 2922859, *2 (E.D. Ky. Sept. 10, 2009). The Court notes that Hopkinsville is approximately 75 miles from Paducah, Kentucky, the location of the federal courthouse where this case has been filed. The Court finds this

12

factor weights slightly in favor of abstention.

The third factor, avoidance of piecemeal litigation, weights heavily in favor of abstention. "Piecemeal litigation occurs when different courts adjudicate an identical issue, thereby duplicating judicial effort and potentially rendering conflicting results. *Romine*, 160 F.3d at 341 (citing *LaDuke v. Burlington Northern R.R. Co.*, 879 F.2d 1556, 1560 (7th Cir. 1989)). As explained, the issues to be decided by the state court and this Court are largely identical. The sole difference is the CAA claim which is merely enforcement of state statutes and regulations. There is significant risk of piecemeal litigation in this case; therefore this factor weights heavily in favor of abstention.

Fourth, the order in which jurisdiction was obtained favors abstention as the state court case was filed first. However, this factor is closely tied with the relative progress of the state court case: "priority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions." *Moses H. Cone Memorial Hosp.*, 460 U.S. at 21. Here, the state court case was filed September 22, 2009, nearly three months prior to the December 10, 2009, filing of the federal complaint. Defendants had answered the state court complaint when the federal case was filed; the state court has entered various orders addressing substantive complaints; discovery has begun; and Defendants have moved for summary judgment in the state case. In this case, the complaint has been filed and served; however, no other action has been taken. This factor weights in favor of abstention.

Next, the Court must consider whether the source of governing law is state or federal. The Supreme Court in *Moses H. Cone Memorial Hospital* explained

> the source-of-law factor has less significance here . . ., since the federal courts' jurisdiction to enforce the . . . Act is concurrent with that of the state courts. But we emphasize that our task in cases such as this is not to find some substantial reason for the exercise of federal jurisdiction by the district court; rather, the task is to

13

> ascertain whether there exist 'exceptional' circumstances, the 'clearest of justifications,' that can suffice under *Colorado River* to justify the *surrender* of that jurisdiction. Although in some rare circumstances the presence of state-law issues may weigh in favor of that surrender, the presence of federal-law issues must always be a major consideration weighting against surrender.

460 U.S. at 25-26 (internal citations omitted) (emphasis in original). As explained, this factor is tied to the consideration of the presence or absence of concurrent jurisdiction.

In this case, Plaintiff has asserted several claims: failure to comply with the CAA for enforcement of 401 KAR §63:010; private nuisance; negligence; trespass; a violation of a local zoning ordinance; intentional infliction of emotional distress; and negligence per se. Only one claim involves a question of federal law: failure to comply with the CAA. The state court has concurrent jurisdiction over this claim since the CAA is devoid of any suggestion that federal jurisdiction is intended to be exclusive. *See generally Hooker v. Chickering Properties, LLC*, Case No. 3:06-0849, 2007 WL 1296051, *2 (M.D. Tenn. May 1, 2007) (finding state has concurrent jurisdiction over CWA, given "the presumption of concurrent jurisdiction that lies at the core of our federal system."); *Buckeye Power, Inc. v. E.P.A.*, 481 F.2d 162, 167 n.2 (6th 1973), *overruled on other grounds by Union Elec. Co. v. E.P.A.*, 427 U.S. 246 (1976) (stating both federal and state courts have jurisdiction to enforce plans under the CAA). Additionally, Plaintiffs' CAA claim is merely an alternative means of enforcing the same regulations raised before the state court and analysis of the claim would depend largely on interpretation of Kentucky statutes and regulations rather than the federal statute. This factor weights slightly in favor of abstention.

Finally, the Court must consider the adequacy of the state court case to protect the federal plaintiffs' rights. As stated by the Sixth Circuit in *Romine*, "[t]here can be no legitimate contention that the [Kentucky] state courts are incapable of safeguarding these rights." 160 F.3d at 342. The

court relied on Congress' express grant of concurrent jurisdiction as evidence of the adequacy of the state court. *Id.* In this case, there is no express grant of concurrent jurisdiction; however, as stated, Congress has taken no action to deprive the states of concurrent jurisdiction. Furthermore, determination of the CAA claim before the federal court would require analysis of state statutes and regulations; more specifically the same statutes and regulations alleged to be violated in the state court complaint. The state court is a more than adequate forum for interpretation of state statutes and regulations. The Court finds the state court is adequate to protect the rights of the federal plaintiffs. This factor weights in favor of abstention.

Plaintiffs argue the state court case is not an adequate vehicle for resolution of the issues between the parties because the CAA and CWA claims were not raised at the state level, despite concurrent jurisdiction. Plaintiffs claim under the CWA has been dismissed due to lack of standing and the Court has held that the CAA is being used only as an alternative means of enforcing state statutes and regulations.

Plaintiffs similarly argue the state case is not adequate because the federal courts provide different remedies such as injunctive relief and attorneys fees. The Court notes that Plaintiffs have already sought injunctive relief before the state court. Plaintiffs have also requested attorneys fees in their complaint. While the Court notes attorneys fees may not be statutorily available in state court, this would only provide slight favor for exercising jurisdiction, not enough to overcome the other factors which are strongly in favor of abstention.

The balance of the relevant factors strongly supports abstention and a stay of the proceedings in deference to the state case. The Court notes the avoidance of piecemeal litigation and the substantial ground that has already been covered in the state court case weighed heavily in the

Courts determination to stay this case.

## CONCLUSION

**IT IS ORDERED** that Defendants Motion is **GRANTED** in part and **DENIED** in Part. Plaintiffs' claim for failure to comply with the Clean Water Act is dismissed. The above-captioned matter is **STAYED** pending the resolution of the parallel state court proceedings and for administrative purposes this case is **CLOSED**. Upon the completion of the state court case, the parties shall notify the Court.

**IT IS FURTHER ORDERED** a telephonic status conference will be held on **September 15, 2010, at 8:45 a.m. CDT**. The Court will place the call to counsel. The telephonic conference set for May 27, 2010 at 12:00 p.m. is CANCELLED.