# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# PADUCAH DIVISION
# CASE NO.: 5:09-CV-00203-TBR

**DAVID KOPACZ and STACY KOPACZ**  PLAINTIFFS

v.

**HOPKINSVILLE SURFACE AND**
**STORM WATER UTILITY, et al.**  DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon Plaintiffs, David and Stacy Kopacz's, Motion to Recover Costs and Expenses Pursuant to Federal Rule of Civil Procedure 4(d)(2) from Defendant, Twin States Utilities & Excavation, Inc. (DN 11). Defendant Twin States Utilities & Excavation has filed a response (DN 16). Plaintiffs have filed a reply (DN 17). This matter is now ripe for adjudication. For the following reasons, Plaintiffs motion is GRANTED.

## BACKGROUND

Plaintiffs filed a Complaint with this Court against Hopkinsville Surface and Storm Water Utility ("Utility"), the City of Hopkinsville ("City"), and Twin States Utilities & Excavation ("Twin States") on December 10, 2009. Waiver of Service, pursuant to Federal Rule of Civil Procedure 4(d), was sent to all Defendants on December 11, 2009. The Utility and City both returned their Waivers on or about December 16, 2009. Twin States did not return a signed waiver to Plaintiffs.

On January 26, 2010, Twin States' alleges that during a telephone conference between Plaintiffs' counsel and counsel for Twin States, Plaintiffs' counsel was advised that Twin States' counsel would file a responsive pleading on behalf of Twin States in this matter. Twin States asserts that this communication constituted a waiver of service of process.

By letter dated March 3, 2010, Plaintiffs gave Twin States another opportunity to return the

Waiver of Service. Twin States again did not return a signed waiver to Plaintiffs. Thereafter, Plaintiffs incurred the costs and expenses associated with standard service procedures.

On April 2, 2010 an Answer was filed on behalf of Twin States. Insufficient process and insufficient service of process pursuant to Rule 12(b) were not raised in the Answer; therefore, any challenge to process or service of process is waived.

Plaintiffs have now moved this Court, pursuant to Rule 4(d)(2), to order Twin States to pay costs incurred by Plaintiffs in effectuating service, as well as Plaintiffs' attorney's fees associated with the present motion for costs.

## DISCUSSION

The Federal Rules of Civil Procedure provide that a defendant has "a duty to avoid unnecessary expenses of serving the summons." Fed. R. Civ. Pro. 4(d)(1). Federal Rule of Civil Procedure 4(d)(2) states that

> If a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the defendant:
> (A) the expenses later incurred in making service; and
> (B) the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses.

Plaintiffs argue that Twin States failed to properly waive service pursuant to the Federal Rules of Civil Procedure. Plaintiffs contend that as a result the Court must impose on Twin States the expenses incurred in making service and any reasonable expenses, including attorney's fees, in making this motion to collect those expenses. Twin States argues it verbally waived service. There is a dispute about whether or not there was a verbal waiver. However, the rule is clear that verbal waiver is not sufficient. The rule states the defendant must, absent good cause, return a signed waiver to the plaintiff, thus the rule requires this waiver must be in writing. Fed. R. Civ. Pro.

4(d)(2). The record in this case makes clear no written waiver of service was filed with the Court; therefore, Twin States did not properly waive service.

The Court also finds Twin States lacked good cause for its failure to return a signed waiver: counsel's ignorance that the rule requires written waiver is not good cause. *See Watson v. Brady,* 9 F.3d 1548, *2 (6th Cir. 1993); *Townsel v. Contra Costa County, Cal.*, 820 F.2d 319, 320 (9th Cir. 1987) (holding that ignorance of the federal rules was not good cause for failure of the plaintiff to serve defendant within 120 days).

Twin States argues, in the alternative, that even if the Court finds service was not waived the Court should substantially reduce the fee requested by Plaintiffs. First, Twin States argues Plaintiffs' cost for hiring a private process server for $239 was unreasonable as they could have been served by certified mail for less than $10. "Generally, there is no requirement that the plaintiff effect formal service in the most cost-effective manner possible." 28 Fed. Proc., L. Ed. § 65:84 (citing *Thompson v. Solo*, 2004 WL 1385825 (N.D. Ill. 2004)); *Maranto v. Dillard National Bank*, 230 F.R.D. 478, 479 (W.D. La. 2005) (allowing plaintiff to recover costs of private process server); *United States v. Nuttall*, 713 F.Supp. 132, 138-39 (D.Del.1989). The Court finds Plaintiffs may recover $239 for the cost of hiring a private process server.

Second, Twin States argues attorney's fees may only be charged for time drafting the motion for fees, not for securing service. The practice commentary to Rule 4 states:

> The concluding portion of paragraph (2) of Rule 4(d) permits the court to impose on the defendant who refuses to waive service the costs of the formal service that must afterwards be undertaken, and paragraph (5) says that these costs may include "a reasonable attorney's fee". But an attorney's fee may be imposed only for the attorney's effort in making a motion to collect the costs of service. The time of the attorney in arranging for formal service after the defendant has refused a waiver is not a compensable item.

3

After review of Plaintiffs itemized attorney's fees, the Court finds only certain entries were for work that was associated with the present motion for costs. These entries include:

| Date | Description |
|---|---|
| 03/16/10 | Verify service of process; draft motion to recover costs for failure to waive service of process; review exhibits to same; conference with 1. Houston re filing of return on service.<br>2.20 hours $440.00 |
| 03/17/10 | Conference with P. Schworer re exhibits to motion for costs and expenses for Twin States' failure to waive service; revise and add to same.<br>.30 hours $60.00 |
| 03/18/10 | Prepare and review invoices in support of motion for costs and expenses for failure to waive service.<br>1.50 hour $300.00 |
| 04/12/10 | Review response to motion for costs and fees; telephone conference with B. Greenwald and P. Schworer re reply to same; draft reply brief.<br>2.00 hours $400.00 |
| 04/13/10 | Draft and revise reply to Twin States' response to motion for costs and fees; conference with P. Schworer re same.<br>3.40 hours $680.00 |
| 04/14/10 | Telephone conference with B. Greenwald re revisions to reply brief; revise reply brief.<br>.50 hours $100.00 |
| 04/14110 | Review and revise the Reply to Twin States' Response to Motion for Costs and Expenses.<br>.40 hours $142.00 |
| 04/14/10 | Review and revise reply brief and telephone conference with J. Culver re Reply to Twin States' Response to Motion for Costs and Expenses.<br>.80 hours $240.00 |
| 04/15/10 | Conference with P. Schworer re Reply to Twin States' Response to Motion for Costs and Expenses; make revisions re same.<br>.80 hours $160.00 |

4

Plaintiffs have requested $2522.00 for the preparation of the motion for costs and reply. The Court finds this amount unreasonable; Plaintiff charged $1722.00 for the reply alone. The Court finds $1,200.00 is a reasonable amount of compensation for the preparation of such documents.

The Court further notes there were no objections to the costs of "reproductions" and such costs are appropriate under the rules. Therefore, Plaintiffs may also recover $5.50 for reproductions.

In total, Plaintiffs are entitled to recover $1,4444.50.

## CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** Plaintiffs' motion is **GRANTED**.

**IT IS FURTHER ORDERED** judgment is entered in favor of Plaintiffs against Defendants in the amount of $1,444.50 for costs and expenses incurred in service of process pursuant to Federal Rule of Civil Procedure 4 (d); and interest from the date of the judgment in the amount of _____.